**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **JANE DOE, proceeding under a pseudonym** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:1:25-cv-2299** |
| **v.** | ) | |
| | ) | |
| **TEXAS CHRISTIAN UNIVERSITY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>BRIEF IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM</u>**

COMES NOW the PLAINTIFF, JANE DOE ("Jane"), by counsel, and in support of her motion to this Court for leave to proceed under a pseudonym, states as follows:

**<u>INTRODUCTION</u>**

As described in Jane 's Complaint, while she was unconscious, Jane was raped by a fellow student at Texas Christian University ("TCU") on October 6, 2024. In a recorded conversation before witnesses, on the same day as the rape, the rapist admitted that she did not consent to have sex with him. On February 20, 2025, TCU held an all-day evidentiary hearing on Jane 's complaint. The Associate Dean of Students, Assistant Dean of Students, a retired judge, and three TCU employees chosen by TCU served as panel judges. During the hearing, Jane was repeatedly required to relive the rape and subjected to cross-examination by five different questioners.

After the formal hearing by TCU, the panel deliberated and found unanimously that the accused had raped Jane. At the time, TCU knew that rape and other sexual assault was rampant on the TCU campus and had been for years. Despite this knowledge, TCU imposed no meaningful punishment at all on the rapist. He was not required to miss a single day of school, to make any



#10415958v2

kind of reparation, or even to apologize. And TCU made sure that nothing about his offense will ever appear on any record of his time at TCU.

As one would expect, Jane has experienced severe trauma as a result of her rape and of TCU's treatment of her rape as entirely unimportant. That trauma will be further exacerbated if Jane is forced to once again tell her story publicly without protecting her identity. She is likely to face retaliation again from individuals close to the rapist and on social media platforms such as TikTok and Instagram that are frequently used in smear campaigns to target and harass victims of sexual violence. For these reasons, and those described in greater detail below, Jane respectfully requests leave of this Court to proceed under a pseudonym.

## **LEGAL ARGUMENT**

The highly sensitive nature of the facts underlying Jane's claim in this case warrants proceeding under a pseudonym. Whether a plaintiff may litigate their case under a pseudonym is subject to the Court's discretion. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit uses the *James* factors when deciding if the circumstances of an action warrant the use of a pseudonym. *See e.g., Roe v. Tucker*, No. 3:24CV145, 2025 U.S. Dist. LEXIS 3265, at *10 (E.D. Va. Jan. 7, 2025); *Doe v. Sidar*, 93 F.4th 241, 247 (4th Cir. 2024) (citing *James v. Jacobson*, 6 F.3d 233, 242). These factors include, "[1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, [5] relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F. 3d at 238.

While the inquiry is fact-specific, courts in the Fourth Circuit routinely permit plaintiffs to proceed anonymously where the plaintiff is a victim of sexual assault. *See e.g., Tucker*, 2025 U.S. Dist. LEXIS 3265, at *10 (holding that substantial interest in anonymity for sexual assault victim outweighed the minimal manner in which her anonymity impeded the public's interest in openness); *Doe v. Anne Arundel Cnty*., No. 1:23-cv-03451, 2024 U.S. Dist. LEXIS 83537 (D. Md. May 8, 2024) (permitting plaintiff to proceed under pseudonym on her allegations that she was repeatedly sexually assaulted and harassed by correctional officers); *Doe v. Va. Polytechnic Inst. & State Univ*., No. 7:19-CV-00249, 2020 U.S. Dist. LEXIS 46319, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) (explaining that "[l]ike sexual misconduct, allegations of domestic violence or abusive dating relationships involve sensitive and highly personal facts that can invite harassment and ridicule"); *see also Sidar*, 93 F. 4th 241 (4th Cir. 2024) (holding that district court exceeded the bounds of discretion by requiring Doe to use her real name at trial where plaintiff was a victim of rape).

As to the first *James* factor, "it is well established in the Fourth Circuit that cases arising from allegations of sexual assault necessarily concern information of a highly sensitive and personal nature for all parties involved in the alleged assault." *See e.g., Tucker*, 2025 U.S. Dist. LEXIS 3265, at *11 *(citing Doe v. Doe,* 85 F.4th 206, 211-12 (4th Cir. 2023)). "Accordingly, courts often allow parties to such actions to proceed under pseudonym." *Id.*; *Sidar,* 93 F.4th at 248. As described above, Jane is the victim of rape. After her assailant raped her, she had to be treated by a physician to be tested for sexually transmitted diseases and for pregnancy. She has also seen a therapist to deal with the trauma that she continues to experience. This matter necessarily concerns highly sensitive and personal information and is not merely to avoid annoyance and criticism. Jane would face a very real risk of harassment, ridicule, and personal embarrassment

given the stigmas attached to victims of rape were she to proceed under her name. Jane should not be forced to relive that trauma in the public eye. Notably, the Fourth Circuit frequently upholds "'the practice of closing courtrooms to members of the public while a victim of sex crimes testifies'—a step far more drastic than the 'limited form of closure' represented by allowing a sexual assault victim to use a pseudonym—' has not been uncommon." *Sidar*, 93 F.4th at 248 (citing *Bell v. Jarvis*, 236 F.3d 149, 167 (4th Cir. 2000), *James*, 6 F.3d at 238)." Thus, the first *James* factor favors permitting Jane to proceed under a pseudonym.

Regarding the second factor, Jane 's identification poses a risk of retaliatory physical or mental harm to her. Jane faces a serious risk of retaliation from the rapist's family, friends, fraternity brothers, or sports team members. Jane already experienced retaliation, when, two weeks after the TCU panel's announcement of its finding that the accused raped Jane , a TCU student whom Jane had never met, accosted Jane in a public place on TCU's campus and screamed at her in front of numerous other students that she was a "fucking bitch" and a "whore" because of the accusations she had made against his "best friend" (i.e., the rapist). Furthermore, this is the type of information that goes "viral" on social media platforms like TikTok and Instagram that are frequently used and altered in smear campaigns against victims of sexual violence. Thus, the second *James* factor also favors proceeding under a pseudonym.

With respect to Jane's age, the third factor, although she is not a minor, Jane is a young college student soon to be embarking on her career. The first thing an employer sees in internet search results for her name should not be that she was a victim of rape. Moreover, this information would likely be rapidly shared through social media by her peers. Thus, the third *James* factor also favors proceeding under a pseudonym.

As to the fourth *James* factor, because "the public has a heightened interest in litigation against the government," the reviewing court might disallow the use of pseudonyms in an action brought by or against a public entity. *Doe v. Rector and Visitors of George Mason Univ*., 179 F. Supp. 3d 583, 594 (E.D. Va. 2016). Here, TCU is a private school. Thus, the action is brought against a private party—not the government. Moreover, the public interest is vindicated so long as "the public has full access to everything the government has filed." *Id*. Here, the public's interest is vindicated, since all facts aside from Jane 's identity and the identity of the rapist are publicly accessible. This factor therefore weighs in favor of proceeding under a pseudonym as well.

The fifth and final factor is the degree to which a party's use of a pseudonym prejudices the other parties to the litigation. *James, 6 F.3d at 238.* Here there is no possibility of such prejudice. Defendant is aware of Jane 's actual identity and is "'fully capable of investigating and responding to her allegations." *See Anne Arundel Cnty*., 2024 U.S. Dist. LEXIS 83537 (D. Md. May 8, 2024.) (quoting *EEOC v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 U.S. Dist. LEXIS 148145, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013)). Thus, this factor also weighs in favor of Jane 's proceeding under a pseudonym. Because all of the *James* factors favor permitting Jane to proceed under a pseudonym, this Court should grant Plaintiff's Motion and permit Jane to litigate her case pseudonymously.

**CONCLUSION**

WHEREFORE Plaintiff Jane Doe respectfully requests that this Court grant her leave to proceed in this case under a pseudonym, and grant such other relief this Court deems just and fair.

Dated: December 9, 2025

Respectfully submitted,

*/s/Thomas M. Wolf*
Thomas M. Wolf, Esq. (VSB #18234)
Joseph M. Rainsbury, Esq. (VSB #45782)
Clarissa Pintado, Esq. (VSB #86882)
O'Hagan Meyer, PLLC
411 East Franklin Street, Suite 500
Richmond, VA 23219
Ph: 804-403-7100
twolf@ohaganmeyer.com
jrainsbury@ohaganmeyer.com
cpintado@ohaganmeyer.com

Alison C. Duffy, Esq. (VSB #90113)
O'Hagan Meyer, PLLC
2560 Huntington Ave, Suite 204
Alexandria, VA 22303
P: (703) 775-8606
aduffy@ohaganmeyer.com

*Counsel for Plaintiff*