IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE, proceeding under a pseudonym ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-2299 (RDA/LRV) |
| ) | |
| TEXAS CHRISTIAN UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to Proceed Under Pseudonym. Dkt. 3. In this case, Plaintiff Jane Doe has sued Defendant Texas Christian University for violation of Virginia's Consumer Protection Act, fraud, intentional infliction of emotional distress, and breach of contract arising from Plaintiff's recruitment to attend and subsequent alleged rape at Defendant's campus. Dkt. 1. Plaintiff seeks to proceed anonymously due to the trauma that she alleges that she experienced as the result of the alleged rape as well as Defendant's alleged treatment of her in response. Dkt. 4.

Whether a plaintiff may litigate their case under a pseudonym is subject to the Court's discretion. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit and district courts within the Fourth Circuit use the *James* factors when deciding if the circumstances of an action warrant the use of a pseudonym. *See e.g., Doe v. Sidar*, 93 F.4th 241, 247 (4th Cir. 2024) (citing *James*, 6 F.3d at 242); *see also Roe v. Tucker*, 2025 WL 41932, at *4 (E.D. Va. Jan. 7, 2025). These factors include: (i) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (ii) whether identification poses a risk of retaliatory

physical or mental harm to the requesting party or even more critically, to innocent non-parties; (iii) the ages of the persons whose privacy interests are sought to be protected; (iv) whether the action is against a governmental or private party; and, (iv) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *James*, 6 F. 3d at 238.

With respect to the first factor, this Court and the Fourth Circuit have previously recognized that it is appropriate to allow a plaintiff to proceed anonymously where the case will "involve intimate details of Doe's [alleged] sexual assault and resulting 'psychological trauma.'" *Doe*, 93 F.4th at 248; *see also B.R. v. F.C.S.B.*, 2020 WL 12435689, at *2, *24-26 (E.D. Va. Mar. 10, 2020). The second factor also somewhat favors permitting Plaintiff to proceed anonymously given that Plaintiff alleges that she has already experienced retaliation. Dkt. 4 at 4. Although this factor may not weigh as strongly given that the case is in Virginia, rather than Texas, the Court still considers that it weighs in favor of proceeding anonymously. Third, the Court recognizes that Plaintiff is a young adult, but she is not a minor. The Court considers this factor neutral. Fourth, Defendant here is not a governmental entity, and thus the public does not have the same heightened interest that it might otherwise have where a defendant is the government. Thus, this factor is neutral. Finally, Plaintiff alleges that Defendant is aware of Plaintiff's true identity. In any event, the Court will instruct Plaintiff that, following service on Defendant and the entry of appearance of counsel on behalf of Defendant, Plaintiff is directed to provide her true identity to Defendant. Thus, Defendant will be fully capable of investigating and responding to her allegations. *See Doe v. Anne Arundel Cnty.*, 2024 WL 2053719, at *4 (D. Md. May 8, 2024).

In sum, a consideration of the *James* factors indicates that the factors weigh in favor of permitting Plaintiff to proceed anonymously. Accordingly, it is hereby ORDERED that Plaintiff's Motion (Dkt. 3) is GRANTED; and it is

FURTHER ORDERED that, upon the entry of appearance of counsel on behalf of Defendant, Plaintiff is DIRECTED to inform Defendant's counsel of Plaintiff's true name to ensure that Defendant is in possession of such information and that Defendant can investigate Plaintiff's allegations.

IT IS SO ORDERED.

Alexandria, Virginia
December 15, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge