**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 1:25cv2299** |
| **TEXAS CHRISTIAN UNIVERSITY,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MEMORUANDUM IN SUPPORT OF**
**<u>MOTION FOR LEAVE TO FILE SUR-REPLY</u>**

Plaintiff Jane Doe, Pursuant to Local Rule 7(F)(1), respectfully requests leave to file a sur-reply, attached hereto as **Exhibit A**, to address new matters raised in Defendant Texas Christian University's Reply Brief [ECF No. 18]. Counsel for TCU has indicated that TCU opposes this Motion.

In deciding whether to allow a sur-reply, this Court "consider[s] whether prejudice will result from the court considering a new argument without the opposing party's having an opportunity to respond," in which case a sur-reply is appropriate. *Adams v. Applied Bus. Servs.*, No. 2:18-cv-559, 2019 WL 7817080, at *1 (E.D. Va. Aug. 30, 2019). Here, Plaintiff will be prejudiced absent an opportunity to respond to TCU's new (and erroneous) assertions and arguments—especially because there will be no oral argument on TCU's Motion.

In its opening brief, TCU argued that this Court lacked personal jurisdiction because, (1) TCU's marketing efforts in Virginia were "general marketing materials" and (2) "no aspect of the admissions relationship contemplated ongoing contact with the Commonwealth." Plaintiff has responded to those assertions in her Opposition Brief. In its Reply Brief, however, TCU

goes beyond the marketing and admissions assertions and argues that (3) "TCU sold no goods and provided no services for Jane's benefit or consumption in Virginia" (Reply at 1) and "TCU has never provided educational services to Jane in Virginia." (Reply at 5.)

Those assertions are false. As set forth in the proposed Sur-Reply, Jane attended online educational courses while still in Virginia and also participated in an online webinar with TCU's President and its Interim Provost. TCU's Reply Brief also raised a new argument, to which Jane wishes to present a short response. In particular, TCU claims that the Supreme Court's decision in *Cummings v. Premier Rehab Keller*, P.L.L.C., 596 U.S. 212, 221-22 (2002), which addressed only *federal* Title IX claims, somehow "forecloses" emotional-distress damages on the *state-law* tort claims that Jane has asserted in this case. This is incorrect and Jane's proposed Sur-Reply explains why.

Jane's proposed Sur-Reply is three pages long and is limited to the new matters discussed above. The interests of justice would be served by allowing Jane the opportunity to address these new matters.

Respectfully Submitted,

JANE DOE

/s/ Thomas M. Wolf
Of Counsel

Thomas M. Wolf (VSB No. 18234)
Joseph M. Rainsbury (VSB No. 45782)
Dale E. Wolf, II. (VBS # 101561)
O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 361-4551
Facsimile: (804) 237-0250
twolf@ohaganmeyer.com
jrainsbury@ohaganmeyer.com
dwolf@ohaganmeyer.com

Alison C. Duffy (VSB #90113)
O'HAGAN MEYER, PLLC
2560 Huntington Ave, Suite 204
Alexandria, VA 22303
Tel: (703) 775-8606
aduffy@ohaganmeyer.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of May 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing to all counsel of record:

Jason R. Waters, Esq.
Lauren E. Gilman, Esq.
Nicole K. Rocha, Esq.
WILSON ELSER MOSKOWITZ
EDLEMAN & DICKER, LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102-5102
Tel: (703) 245-9300
Fax: (703) 245-9301
Jason.Waters@wilsonelser.com
Lauren.Gilman@wilsonelser.com
Nicole.Rocha@wilsonelser.com

*Counsel for Defendant*

*/s/Thomas M. Wolf*
Thomas M. Wolf, Esq.