**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| **JANE DOE,**<br>**Plaintiff,**<br>**v.**<br>**TEXAS CHRISTIAN UNIVERSITY,**<br>**Defendant.** | **Case No.: 1:25-cv-2299** |

**DEFENDANT TEXAS CHRISTIAN UNIVERSITY'S RESPONSE IN OPPOSITION TO THE COMMONWEALTH OF VIRGINIA *EX REL.* JAY JONES, ATTORNEY GENERAL'S MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF**

Defendant Texas Christian University ("TCU"), by and through undersigned counsel, respectfully submits this response in opposition to the Commonwealth of Virginia *ex rel.* Jay Jones, Attorney General's ("Commonwealth") Motion for Leave to File an *Amicus Curiae* Brief, filed May 22, 2025, ECF 19. TCU respectfully requests that this Honorable Court deny the Commonwealth's motion, and in furtherance of this request, states the following:

**INTRODUCTION**

The Commonwealth's proposed submission does not satisfy the requirement that an amicus brief provide a helpful analysis of the law useful to the Court's resolution of the dispute before it. This "Brief in Support of Plaintiff's Opposition" provides general explanations of the law, but it fails to apply the law in any meaningful way to the facts and allegations of this case such that it warrants "supporting" Plaintiff's Opposition.

The Commonwealth takes no position on whether this Court has personal jurisdiction over TCU. The Commonwealth concedes that the Virginia Consumer Protection Act's ("VCPA") breadth "does not negate the independent due process and civil procedure requirements for

personal jurisdiction or proper venue." It offers no analysis of whether Plaintiff has stated a viable cause of action under the VCPA as applied to the facts of this case. Instead, the Commonwealth delivers an academic treatise on the general extraterritorial reach of the VCPA, an issue no party has placed in dispute, without engaging with the dispositive questions raised in TCU's Motion to Dismiss, or in the Alternative, to Transfer Venue. Because the Commonwealth's brief does not address personal jurisdiction, does not take a position on venue or transfer, and does not opine on whether the VCPA applies to a transaction that took place wholly in Texas, its submission adds nothing beyond arguments and authorities already presented by the Parties' competent counsel. This Court is fully equipped to resolve TCU's pending motion on multiple independent grounds without the assistance of an amicus brief that declines to address any of them. Accordingly, the Commonwealth's Motion for Leave should be denied.

## LEGAL STANDARD

District courts allow the filing of an amicus brief when such brief would "provide helpful analysis of the law," the prospective amicus has a "special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007) (quoting *Bryant v. Better Business Bureau*, 923 F. Supp. 720, 727 (D. Md. 1996)). However, a "motion for leave to file an amicus curiae brief . . . should not be granted unless the court 'deems the proffered information timely and useful.'" *Tafas*, 511 F. Supp. 2d at 659 (quoting *Bryant*, 923 F. Supp. at 727-28).

## ARGUMENT

### I. The General Extraterritoriality of the VCPA is Not at Issue.

Here, the Commonwealth's proffered brief does not address the dispositive issues raised in TCU's Motion to Dismiss, or in the Alternative, to Transfer Venue. Namely, neither party in this

matter took the position that the Virginia Consumer Protection Act ("VCPA") never extends beyond the borders of the Commonwealth. As such, the Commonwealth's academic approach to its brief, generally exploring the plain language of the statute, does not provide a helpful analysis of the law that is germane to the Court's disposition of Defendant's Motion.

The Commonwealth takes no position on whether this Court has personal jurisdiction over TCU, ECF 19-1 at 2 *n. 2, and concedes that "the statutory language of the VCPA, however broad, does not negate the independent due process and civil procedure requirements for personal jurisdiction or proper venue," *id.* at 3 *n. 4. Instead, without addressing the facts or allegations of this case at all, the Commonwealth broadly maintains "that the protections and requirements of the VCPA apply when the consumer who was deceived or the business perpetrating the deception is in Virginia." ECF 19-1 at 2. Here, the applicability of the VCPA is inextricably entwined with the Court's due process and jurisdiction analysis because the parties dispute TCU's forum related contacts and where the "consumer transaction" occurred. TCU maintains that this Court does not have personal jurisdiction over it and that this particular transaction was the provision of an education in Texas from a Texas supplier to a consumer. As such, the VCPA does not apply.

For example, it is uninstructive to repeat the VCPA's definition of a "supplier" as a "professional that advertises" without engaging in an analysis of whether the alleged advertisement *in this case* creates sufficient contacts with the forum state such that the application of the VCPA would comport with due process and civil procedure requirements for personal jurisdiction. The Commonwealth states that "any supplier who advertises or offers for sale goods or services, *where those goods or services reach a consumer in the Commonwealth*, would be subject to the VCPA for any misrepresentation or deception perpetrated on the consuming public." ECF 19-1 at 8 (emphasis added). But, here, TCU has maintained throughout the briefing of its motion, and reply,



337193209v.1

that it did not provide any goods or services in the Commonwealth. *See* ECF 11 at 17 (asserting "TCU does not provide services or good in Virginia"); ECF 18 at 14-15; *see also* ECF 11, Exhibit D, Affidavit of TCU.[1] Jane Doe came to Texas to receive TCU's services.

The Commonwealth discusses why the VCPA should be interpreted broadly, arguing that the plain language of "supplier and the consuming public" in Va. Code § 59.1-197 does not impose a geographical limitation in scope and is "designed to protect consumers from misrepresentations and deception by suppliers, including those where either the consumer *or* the supplier is outside Virginia." ECF 19-1 at 2-5 (emphasis in original). Again, here, TCU maintains that both the consumer and supplier were in Texas because Jane moved to Texas to receive an education from a Texas university. The Commonwealth's brief, for good reason, does not take the position that the VCPA applies when *both* the consumer and the supplier are in Texas. *See Gen. Assurance of Am., Inc. v. Overby-Seawell Co.*, 893 F. Supp. 2d 761, 779-80 (E.D. Va. 2012) (quoting *Healy v. Beer Inst., Inc.*, 491 U.S. 324, 335 (1989)) (finding that the Virginia Business Conspiracy Act did not apply because the Constitution "precludes the application of a state statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within the State."). As such, the Commonwealth's brief is unhelpful to the current controversy.

## II. The Commonwealth Does Not Conduct a Choice of Law Analysis.

The Commonwealth states "[w]hen a consumer resides in Virginia and is mispresented to or deceived in Virginia" under *lex loci delecti* the "place of the wrong is Virginia." ECF 19-1 at 7.

---

[1] Plaintiff alleges in her sur-reply, ECF 21-1, that "Jane consumed educational services provided by TCU while she was still in Virginia" in the form of "five online safety modules that TCU referred to as 'courses' and required of *all matriculating freshman*." ECF 21-1 at 1-2 (emphasis added). TCU maintains that these are not forum directed contacts, nor sufficient to establish personal jurisdiction. Jane does not claim TCU knew where she, or any of the freshman class haling from around the globe, completed the prerequisite virtual safety courses.

On this point, its brief makes generally the same arguments and cites to the same cases that Plaintiff presented in her opposition. *Compare* ECF 17 at 22 *with* ECF 19-1 at 6-7. The Commonwealth does not address whether Jane relied on TCU's statements in Virginia or in Texas. TCU maintains that Jane's reliance was in Texas. If Jane had not left the Commonwealth and gone to Texas, she would not have received TCU's services. In other words, Jane can only claim to have relied on TCU's statements by attending an in-person education in Texas. If Jane's reliance had not been in Texas, she would never be able to claim a failure to provide a "safe and supportive" environment in Texas as the basis of her VCPA claim. *See* ECF 17 at 21. As such, "where the last event necessary to make an act liable . . . takes place," *Quillen v. International Playtex, Inc.*, 789 F.2d 1041, 1044 (4th Cir. 1986), is Jane's reliance on TCU's statements, as evidenced by her leaving Virginia and attending school in Texas. The Commonwealth's brief makes no effort to apply the facts of this case to the conflict of law principles it describes.

Counsel for both TCU and Plaintiff have zealously, professionally, and competently briefed the issues currently before the Court. Courts have routinely denied motions for leave to file amicus briefs where, as here, the proposed brief would provide no relevant legal analysis beyond that presented by the parties. *See e.g., Fairfax Cty. Sch. Bd. v. McMahon*, 798 F. Supp. 3d 563, 572 *n.9 (E.D. Va. 2025); *Sierra Club v. Va. Elec. & Power Co.*, No. 2:15cv112, 2016 U.S. Dist. LEXIS 138472, at *9 (E.D. Va. Feb. 3, 2016); *see also Giuliani v. Duke Univ.*, No. 1:08CV502, 2010 U.S. Dist. LEXIS 32691, at *10-12 (M.D.N.C. Mar. 30, 2010) (denying leave where amicus brief made same general arguments and cited many of the same cases).

## CONCLUSION

For the reasons stated, TCU respectfully requests the Court deny the Commonwealth's motion for leave to file an *amicus* brief. In the alternative, should this Court determine that

additional briefing on this issue would be beneficial, such that the Court grants the Commonwealth's motion and deems its brief filed, TCU requests permission to submit a reply to the Commonwealth's brief applying the facts of this case to its description of the law. TCU proposes to file the reply six calendar days after the Court enters an order granting the Commonwealth's motion to file its "Brief in Support of the Plaintiff's Opposition to the Defendant's Motion to Dismiss, or in the Alternative, Transfer Venue," in accordance with Local Rule 7(F)(1). However, for the reasons stated above, TCU maintains that neither the Commonwealth's brief in opposition to TCU's motion nor a reply from TCU is necessary for the Court to analyze the issues presented to it.

WHEREFORE, Defendant Texas Christian University respectfully requests that the Court deny the Commonwealth of Virginia *ex rel.* Jay Jones, Attorney General's Motion for Leave to File an Amicus Curiae Brief.

Dated: June 5, 2026

Respectfully submitted,

**TEXAS CHRISTIAN UNIVERSITY**
By Counsel

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

*/s/ Jason R. Waters*
Jason R. Waters (VSB No. 73887)
Lauren E. Gilman (VSB No. 101558)
Nicole K. Rocha (VSB No. 100669)
8444Westpark Drive – Suite 510
McLean, VA 22102-5102
(703) 245-9300 (telephone)
(703) 245-9301 (facsimile)
Jason.Waters@wilsonelser.com
Lauren.Gilman@wilsonelser.com
Nicole.Rocha@wilsonelser.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of June 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing to all counsel of record:

Thomas M. Wolf (VSB No. 18234)
Joseph M. Rainsbury (VSB No. 45782)
Clarissa K. Pintado (VSB No. 86882)
O'Hagan Meyer, PLLC
411 E. Franklin Street, Suite 500
Richmond, Virginia 23219
(804) 361-4551 (telephone)
(804) 237-250 (facsimile)
twolf@ohaganmeyer.com
jrainsbury@ohaganmeyer.com
cpintado@ohaganmeyer.com
*Counsel for Plaintiff*

Alison C. Duffy (VSB No. 90113)
O'Hagan Meyer, PLLC
256 Huntington Ave., Suite 204
Alexandria, VA 22303
(703) 775-8606 (telephone)
aduffy@ohaganmeyer.com
*Counsel for Plaintiff*

Joelle E. Gotwals (VSB #76779)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 2319
Phone: (804) 786-8789
Facsimile: (804) 786-0122
jgotwals@oag.state.va.us

*/s/ Jason R. Waters*
Jason R. Waters (VSB No. 73887)
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
8444Westpark Drive – Suite 510
McLean, VA 22102-5102
(703) 245-9300 (phone) | (703) 245-9301 (fax)
Jason.Waters@wilsonelser.com
*Counsel for Defendant*